United States District Court
Southern District of Texas
**ENTERED**
May 14, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| YVETTE T. NIETO, <br> "Plaintiff," <br><br> v. <br><br> HOUSING AUTHORITY OF THE CITY <br> OF SAN BENITO, TEXAS ET AL., <br> "Defendants." | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 1:22-cv-00148 |

### ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendants' "Motion for Summary Judgment" (Dkt. No. 33) ("MSJ"), Plaintiff's "Response in Opposition to Defendants San Benito Housing Authority's, San Benito Housing and Development Corporation's and Community Housing Services Corporation's Motion for Summary Judgment, Memorandum in Support, and Objections to Defendants' Exhibits" (Dkt. No. 39) ("Response"), Defendants' "Reply to Plaintiff's Response to Motion for Summary Judgment" (Dkt. No. 42) ("Reply"), and Plaintiff's "Sur-Reply to Defendants' Reply to Plaintiff's Response in Opposition to Defendants Motion for Summary Judgment" (Dkt. No. 47) ("Surreply"). For these reasons, Defendants' MSJ (Dkt. No. 33) is **GRANTED**.

**I.    BACKGROUND**

Plaintiff sued Defendants under federal and state law for gender discrimination, retaliation, and breach of contract after being discharged from her role as executive director of Defendant San Benito Housing Authority (SBHA). Dkt. No. 4 at 9–12. Defendant SBHA contracted with Plaintiff on September 16, 2020, hiring Plaintiff as executive director for a five-year term beginning October 1, 2020, and ending October 1, 2025. *Id.* at 5. On September 29, 2021, SBHA's Board of Directors ("Board") terminated Plaintiff,[1] and she was later replaced by Art Rodriguez.

**II.    LEGAL STANDARD**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists only if "a

---

[1] Plaintiff claims that all named Defendants terminated her employment, but Defendants argue that "Defendants San Benito Housing Development Corporation and Community Housing Services Corporation were not Plaintiff's employer." Dkt. No. 33 at 8; *See* Dkt. No. 4 at 8.

1

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The nonmovant's "burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). Rather, the "nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim." *Brooks v. Houston Indep. Sch. Dist.*, 86 F. Supp. 3d 577, 584 (S.D. Tex. 2015). Courts are required to "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655(1962)).

If the nonmovant has the burden of proof at trial, the movant may satisfy its burden by pointing out that there is insufficient evidence to prove the elements of the nonmovant's claim or defense. *Lavespere v. Niasra Mach. & Tool Works. Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the movant makes this showing, "the burden shifts to the nonmoving party to show that summary judgment is not appropriate." *Id.*

### III. DISCUSSION

#### a. Gender Discrimination

Title VII prohibits "discharg[ing] any individual, or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "The law governing the Texas Labor Code and Title VII for prima facie cases is the same." *Weeks v. Bottling Grp. LLC*, No. PE:21-CV-00066-DC-DF, 2022 U.S. Dist. LEXIS 86713, at *7 (W.D. Tex. 2022) (citing *Caro v. City of Dallas*, No 3:15-CV-1210-L, 2016 U.S. Dist. LEXIS 7955, at *25 n.5 (N.D. Tex. Feb. 1, 2016)). The Court will thus analyze Plaintiff's federal and state law gender discrimination claims together.

Courts apply the *McDonnel Douglas* burden shifting framework when analyzing gender discrimination claims based on circumstantial evidence. *Moore v. DeJoy*, No. 4:21-CV-2322, 2023 U.S. Dist. LEXIS 138543, at *5 (S.D. Tex. 2023). Plaintiff must first establish a prima facie case by showing she:

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and

2

(4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). If Plaintiff establishes a prima facie case, Defendants then must articulate a legitimate nondiscriminatory reason for the discharge. *Id.* at 557. If Defendants meet their burden of production, Plaintiff bears the burden to prove that the proffered reason is an untrue pretext for the real discriminatory purpose. *Id.*

As their nondiscriminatory reasons for the discharge, Defendants proffer a list of grievances about Plaintiff's job performance and professionalism. Dkt. No. 33 at 15. Defendants cite Plaintiff using her position to influence the mayor regarding SBHA board appointments and removals and repeatedly ignoring instructions to complete projects. *Id.*

In rebuttal, Plaintiff primarily lists justifications for her alleged job performance deficiencies such as supply chain issues and the COVID pandemic. Dkt. No. 39 at 17–23. Plaintiff argues that she disagreed with the Board on the execution of her responsibilities and that she had valid reasons for not following the Board's instructions. *Id.* Though Plaintiff emphasizes that these tasks were her responsibilities, the Board's disapproval with her decisions is a nondiscriminatory reason for termination.

Plaintiff disputes the quality of her job performance but does not show that the Board did not believe her performance was poor. "Even an incorrect belief that an employee's job performance is inadequate constitutes a legitimate, nondiscriminatory reason." *Quevedo v. Lantower Luxury Living, LLC*, No. 1:21-CV-00141-RP, 2023 U.S. Dist. LEXIS 68188 (W.D. Tex. Apr. 18, 2023) (citing *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991)). "The employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Martin v. Kroger Co.*, 65 F. Supp. 2d 516, 553 (S.D. Tex. 1999) (citing *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984)).

Plaintiff neither adequately argues that Defendants' reasons were false nor provides evidence that her discharge was motivated by gender. Plaintiff's only evidence of gender discrimination is her complaint that the Board's Chair, Ben Cortez, got angry and shouted at Plaintiff and that she was replaced by a male who she argues was not qualified. But Plaintiff never presents facts showing that her discharge or treatment was motivated by her gender. Despite Plaintiff's disagreement with the Board, it had the authority to terminate her employment based

on perceived poor job performance, and the three board members for termination each cited performance-related reasons for the decision. *See* Dkt. No. 33 at 15.

Even taking the alleged facts in a light most favorable to Plaintiff, there is not enough information for a reasonable jury to conclude that gender discrimination occurred. Thus, summary judgment is **GRANTED** on Plaintiff's gender discrimination claim.

### b. Retaliation

Plaintiff brings state and federal retaliation claims. Retaliation claims under the Texas Labor Code and Title VII are analyzed identically. *Allen v. Radio One of Tex. II, L.L.C.*, 515 F. App'x 295, 297 (5th Cir. 2013). Claims based on circumstantial evidence are also analyzed under the *McDonnel Douglas* framework but with a differing prima facie standard. *McCoy*, 492 F.3d at 556–57.

Even assuming Plaintiff can establish a prima facie case, the parties' arguments on the nondiscriminatory reason and pretext steps of the analysis are identical to the gender discrimination section. *See* Dkt. No. 33 at 19–20; Dkt. No. 39 at 31 ("Plaintiff refers to and incorporates her arguments under for PRETEXT set out above"). The outcome is thus the same. Plaintiff presents no more facts showing retaliatory motivation than gender motivation. These same arguments are once again insufficient to prove that the SBHA Board was not motivated by Plaintiff's job performance. Plaintiff thus has not provided sufficient evidence for a reasonable jury to find that Defendants' nondiscriminatory reasons for discharging Plaintiff were mere pretext for retaliation. Summary judgment is **GRANTED** on Plaintiff's retaliation claim.

### c. Breach of Contract

Breach of contract occurs where "(1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach." *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).

The Contract defines the employment term as: "in effect from October 1, 2020 for five (5) years, or until terminated by the [SBHA] Board at its discretion or Employee as provided in any or all of Sections 8, 9, 9.1 and 10 of this Agreement." Dkt. No. 33-2 at 95. Section 8 provides that termination occurs when "The majority of the governing body present at a properly posted meeting votes to terminate the Employee cause [sic]." *Id.* at 97. Section 9 states, "If the [Plaintiff] is

4

terminated for 'good cause' (as defined in Paragraph 9.1 below), then [Defendants], at the sole discretion of the Board, [are] not obligated to pay severance under this section." *Id.*

Courts must "give effect to the parties' intent as expressed in the contract's language." *Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212 (Tex. 2022). Courts may correct grammatical errors in a contract to give "reasonable, lawful, and effective meaning to all its terms" where terms would otherwise be "useless or inexplicable." *Deviney Constr. Co. v. Ace Util. Boring & Trenching, LLC*, No. 3:11cv468-DPJ-FKB, 2014 U.S. Dist. LEXIS 88658, at *13 (S.D. Miss. June 30, 2014) (citing 11 Williston on Contracts § 32:9 (4th ed.)); Restatement (Second) of Contracts § 203 (Am. L. Inst. 1981).

Defendants' ability to terminate Plaintiff is not limited by good cause. Under the Contract, Plaintiff's employment term can be ended by "the [SBHA] Board at its discretion" when a majority "votes to terminate [Plaintiff] cause." The use of "cause" seems to be a drafting error. The smallest revision the Court can make to give effect to the language is to interpret the last word as: "for cause." Using this interpretation, the SBHA Board is not limited to only good cause because "cause" is distinct from "good cause" and is not defined.

While Section 9.1 defines good cause, this use is in the context of severance, as it is a subsection of the severance provision, Section 9. This placement does not seem coincidental because section 9.1 is the only subsection in the Contract. Thus, interpreting the "cause" in Section 8 as requiring good cause would be too tenuous when the definition of the term is directly intended for Section 9. The Contract's section on employment term suggests that the parties intended to give the SBHA Board discretion over cause or no cause for termination.

Although the severance provision incorporates good cause, it is rendered unenforceable because it states no method of calculating the amount of severance pay. Under contract law, a party may not accept an offer unless a contract's terms are reasonably certain. *Tex. Oil Co. v. Tenneco Inc.*, 917 S.W.2d 826, 830 (Tex. App.—Houston [14th Dist.] 1994), rev'd on other grounds, 958 S.W.2d 178 (Tex. 1997). Contract terms are reasonably certain "if they provide a basis for determining the existence of a breach and for giving an appropriate remedy." *Id.* (citing Restatement (Second) of Contracts § 33(2) (Am. L. Inst. 1981)). The severance provision does not provide a basis to give an appropriate remedy, so it is unenforceable.

Thus, termination without good cause or without severance is not breach of contract. Plaintiff also cannot claim breach of contract based on gender discrimination or retaliation. Summary judgment is **GRANTED** on Plaintiff's breach of contract claim.

## IV.   CONCLUSION

For these reasons, Defendants' MSJ (Dkt. No. 33) is **GRANTED**. All Plaintiff's claims against Defendants are **DISMISSED with prejudice**. The Clerk of the Court is **ORDERED** to close this case.

Signed on this 14th day of May, 2024.

Rolando Olvera
United States District Judge